DECISION
Defendant-appellant, Charles T. Bedford, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling his motion to modify child support.
Appellant and plaintiff-appellee, Deborah K. Bedford, were divorced on March 5, 1993. Appellee was designated the legal custodian and residential parent of the parties' three minor children. Appellant was ordered to pay child support totaling $1,610.13 per month, in accordance with computations made pursuant to the Ohio statutory child support guidelines. This amount was subsequently modified on appellant's motion to $1,319.75 per month.
On October 16, 1997, appellant filed a further motion to modify child support, which is the subject of this appeal. The matter was heard before a magistrate, who filed a decision denying appellant's motion, based upon testimony at the hearing, stipulations, and documentary evidence introduced by the parties. Appellant made a timely request for findings of fact and conclusions of law, leading to an amended decision by the magistrate filed on May 11, 1998.
The magistrate's decision determined, based upon the parties' stipulated income and other worksheet factors, that the current child support guideline amount would be $1,192.53. The magistrate further found that this represented a deviation of less than ten percent from the existing child support order, and that appellant had thus not established a change of circumstances, pursuant to R.C. 3113.35(B)(4), to warrant a modification.
Appellant filed objections to the magistrate's decision, which were overruled by the trial court in a decision and entry dated October 7, 1999. Appellant has timely appealed and brings the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT AND ABUSED ITS DISCRETION IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO MODIFY CHILD SUPPORT, AND ATTRIBUTING DAY CARE EXPENSES TO PLAINTIFF-APPELLEE ABSENT RELIABLE, AND CREDIBLE EVIDENCE.
The modification of a child support order invokes a two-step process. The trial court must first decide whether the moving party has demonstrated a substantial change of circumstances. If this is demonstrated, then the court will make a modification appropriate to the factors set forth in R.C.3109.05(A) as relevant to the facts of the case. Woloch v. Foster
(1994), 98 Ohio App.3d 806, 810; Cole v. Cole (1990), 70 Ohio App.3d 188. If the re-calculated amount of child support, as determined under the statutory guidelines in R.C. 3113.25, deviates by ten percent or more from the existing child support order, such a deviation shall be considered as a change of circumstances warranting a modifying of the order. R.C.3113.215(B)(4); Brooks v. Brooks (Dec. 13, 1995), Franklin App. No. 95AP-381, unreported, (1995 Opinions 5327).
`Modification of a prior order for child support lies within the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion.Albanese v. Albanese (May 25, 1999), Franklin App. 98AP-1033, unreported, (1999 Opinions 1343) citing Woloch, supra. The term "abuse of discretion" connotes more than a mere error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. Although various other issues were addressed in appellant's objections in the trial court, the primary contention upon appeal is that the magistrate erred in allowing an annual work-related child care expense of $3,063 for appellee. Appellant asserts that this amount was improperly included in the child support guideline computation, and that if this amount is omitted, the consequent change in the amount of support would establish a deviation of greater than ten percent from the prior support order.
Appellant's brief, upon appeal, raises two arguments in support of this contention. He first argues that appellee did not take a federal income tax credit which corresponded to the disputed work-related child care expenses, and that this should prohibit appellee from including the child care expenses in the guideline computations. Secondly, appellant argues that the child care provider receiving the payments from appellee did not report such payments on the provider's federal income taxes, and that this should have caused the court to conclude the payments were never actually made.
Regarding the appellee's failure to take a corresponding federal income tax credit for her child care expenses, we note that the child support worksheet in R.C. 3113.215(E) provides, at line 18, as follows:
 Annual child care expenses for the children who are the subject of this order that are work, employment training, or education related, as approved by the court or agency (deduct the tax credit from annual cost, whether or not claimed).
The statutory worksheet language clearly contemplates that child care expenses will be included in the child support computation, and that it is not mandatory that the child support recipient take the corresponding federal income tax credit. Furthermore, we note that the magistrate in fact deducted the calculated tax credit from the annual expenses, as required by the statute. We therefore find no error on the part of the trial court in including appellee's annual work-related child care expenses in the child support computation on this basis.
With respect to the alleged non-receipt of the payments by the child care provider, appellant is essentially raising a manifest weight argument on whether the evidence presented at trial was sufficient to establish appellant's contention that appellee had, in fact, not made the child care payments in question. When reviewing a trial court's decision on a manifest weight of the evidence basis, we are guided by the presumption that the findings of the trial court were correct. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflections, and gestures. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co.v. Foley Const. Co. (1978), 54 Ohio St.2d 279.
Appellee testified before the magistrate that she paid her aunt, Alice Cecil, $6 per hour for child care. Appellee submitted into evidence copies of checks which substantiated the amount claimed for the total annual expense. Ms. Cecil testified that she cared for the children during appellee's three weekly twelve-hour shifts as a recovery room nurse. Ms. Cecil testified that she was not paid to watch the children when appellee attended social events, or was on call at night, because on those occasions, Ms. Cecil was often staying overnight with the children and they were asleep, which presented no additional burden to her. Ms. Cecil testified that she stayed with appellee during the week and returned to her own home on weekends. In addition, two of the children, interviewed in camera by the magistrate, stated that Ms. Cecil was typically at the home when appellee was at work, and that the children were rarely alone after school.
In contrast, appellant asserted that he had called appellee's home on a number of occasions and found the children alone, and that Ms. Cecil did not actually maintain her own home, but lived full-time with appellee. In addition, appellant argues that the magistrate failed to consider Ms. Cecil's testimony that she had not reported any of the alleged child care income on her federal tax return, and thus, in appellant's view, it was unlikely the money had actually been paid. While evidence of this nature may go to the credibility of the party seeking to establish the child care expense, tax treatment of the child care payments as income is obviously in the hands of the child care provider receiving the payments, and ultimately beyond the control of the payor. We thus decline to draw the conclusive presumption suggested by appellant from Ms. Cecil's failure to report the child care payments as income.
In summary, we find that the trial court did not abuse its discretion in adopting the magistrate's decision, including the findings of fact and conclusions of law therein. Appellant's assignment of error is accordingly overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's motion to modify child support is affirmed.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.